# Exhibit A

ELECTRONICALLY FILED - 2019 Feb 04 4:05 PM - LAURENS - COMMON PLEAS - CASE#2019CP3000088

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF LAURENS | CASE NO: _____ |

HICKORY TAVERN CHURCH OF GOD,     )
                                  )
            Plaintiff,            )       SUMMONS
                                  )       (Breach of Insurance Contract)
VS                                )
                                  )
CHURCH MUTUAL INSURANCE CO.,      )
                                  )
            Defendant.            )
_____)

**TO THE DEFENDANT ABOVE-NAMED:**

You are hereby summoned and required to answer the Complaint in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your Answer to same upon the subscriber at 819 East North Street, Greenville, South Carolina, 29601 within thirty (30) days after the service of same, exclusive of the day of such service. If you fail to answer same within the thirty (30) day period, Plaintiff will apply to the Court for the relief demanded therein and judgment will be taken against you by default.

PATTON LAW FIRM

BY: *s/ Richard L. Patton*
Richard L. Patton
S.C. Bar No. 0008627
819 East North Street
Greenville, South Carolina 29601
(864) 233-9797

ATTORNEY FOR PLAINTIFF
HICKORY TAVERN CHURCH OF GOD

February 4, 2019

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF LAURENS | CASE # _____ |

HICKORY TAVERN CHURCH OF GOD, )
)
        Plaintiff, )
)     COMPLAINT
VS )     (Breach of Insurance Contract)
)
CHURCH MUTUAL INSURANCE CO., )
)     JURY TRIAL DEMANDED
        Defendant. )
)

NOW COMES PLAINTIFF, Hickory Tavern Church of God, [hereinafter "Hickory Tavern" or "Plaintiff"] complaining of the Defendant as follows:

1. Hickory Tavern is a charitable organization existing under the laws of South Carolina as an unincorporated assembly of believers worshipping the Lord under the name "Hickory Tavern Church of God."

2. Hickory Tavern's church facilities are located at 18069 Highway 101 S, Gray Court, SC. 29645-7424. The church is in Laurens County, SC and is subject to the venue of this court.

3. Hickory Tavern insured the church facilities through Church Mutual Insurance Co. under policy number 0233551-02-893998, for coverage period between May 29, 2016 through May 29, 2019. Policy number 0233551-02-893998 was a renewal of policy number 0233551-02-581966, for coverage period between May 29, 2013 and May 29, 2016.

4. Church Mutual Insurance Company does substantial business selling various insurance policies in Laurens County, and is subject to the jurisdiction and venue of this court. They may be served through the S.C. Insurance Commissioner's Office.

ELECTRONICALLY FILED - 2019 Feb 04 4:05 PM - LAURENS - COMMON PLEAS - CASE#2019CP3000088

ELECTRONICALLY FILED - 2019 Feb 04 4:05 PM - LAURENS - COMMON PLEAS - CASE#2019CP3000088

5. On November 4, 2016, Plaintiff contacted the Defendant by telephone to report loss and damage to the church property's roof. Plaintiff's Pastor, Chad Jordan, made that telephone call to report visual indication that the metal roof to the church had "begun to sag."

6. Church Mutual opened a claim as a result of the November 4, 2016 telephone call from Pastor Jordan.

7. On November 9, 2016, Church Mutual sent out an adjuster to begin evaluating the nature of Hickory Tavern's claims.

8. The Defendant retained an engineer to evaluate the apparent structural failure of the church's truss roof system. Glenn Stewart examined the church building at various times in December, 2016. He issued a report to the Defendant in January, 2017 indicating that the truss system had failed due to inadequate design and construction.

9. During the time frame between November, 2016 and January, 2017, Church Mutual arranged for and paid for steel scaffolding to be installed inside the church building to prevent the total collapse of the truss roof structure then already in a state of collapse.

10. At or about the time of the installation of the steel scaffolding, Laurens County Building Inspectors condemned the building, and posted it as condemned.

11. On April 13, 2017, Hickory Tavern submitted its Sworn Statement in Proof of Loss to Church Mutual making a claim for property damage in the amount of $1,484,723.00 covering the cost of replacing the damaged church building.

12. In a letter dated June 19, 2017, the Defendant, Church Mutual Insurance Co. denied the claim of Hickory Tavern taking the position that the cause of damage was not covered by the insurance policy. The Defendant took the position that because the truss roof system had not yet actually fallen to the ground, no "collapse" as defined by the policy had occurred, and that until the structure fell to the ground, no claim for "collapse" as defined in the policy would be covered.

13.     The Defendant's insurance policy covers "Specified Causes of Loss" at page 8 of 8 under policy endorsement form A 127 (04-06) itemized as "Fire; lightening; explosion; windstorm or hail; smoke; aircraft or vehicles; riot or civil commotion; vandalism; leakage fro fire extinguishing equipment; damage by burglars; sonic boom; sinkhole collapse; volcanic action; falling objects; weight of snow, ice, sleet, water damage."

14.     At all pertinent times, Hickory Tavern has insisted that the loss is covered under the "Specified Causes of Loss" as damage caused by windstorm.

15.     The Defendant's insurance policy covers "collapse" on page 7 of 8 under policy endorsement form A 127 (04-06) at paragraph D "Additional Coverage - Collapse" defining collapse at paragraph D-1 as "an abrupt falling down or caving in of a building with the result that the building or any part of the building cannot be occupied for its intended use."

16.     The Defendant's insurance policy states on page 7 of 8 of policy endorsement form A 127 (054-06) at paragraph D-2 that the Defendant company will pay for "direct physical loss or damage to Covered Property caused by collapse of a building or any part of a building that is insured under this Coverage Form or that contains Cevered Property insured under this Coverage Form, if the collapse is caused by one or more of the following:

    a.     The 'specified causes of loss' .... Those "specified causes of loss" are itemized on page 8 of 8 under the definitions section of the policy endorsement form A 127 (04-06), which may be found at paragraph H 4.

17.     Despite Plaintiff's continued insistence that the insured property is in a state of total failure and has in fact partially collapsed, the Defendant continues to deny the Plaintiff's claim under the insurance policy.

ELECTRONICALLY FILED - 2019 Feb 04 4:05 PM - LAURENS - COMMON PLEAS - CASE#2019CP3000088

## FOR A FIRST CAUSE OF ACTION

## [BREACH OF CONTRACT]

18. Plaintiff reincorporates the allegations of the preceding paragraphs of the Complaint as if set forth herein verbatim.

19. Prior to the Loss at issue, the Defendant issued its insurance policy to Hickory Tavern for the coverage period in question, all for due consideration in premium dollars paid by the Plaintiff.

20. At the time of Plaintiff's loss, the insurance policy in question was in full force and effect.

21. Plaintiff has complied with all terms and conditions of the insurance policy, including but not limited to payment of premium when due, timely notice of the loss, and full cooperation with the Defendant in their adjustment of the claim.

22. The Defendant has been denied coverage for Plaintiff's claim despite clear language in the policy providing coverage for a loss such as this.

23. The Defendant has breached it contractual duty to the Plaintiff in the following, but not limited to, ways:

    a. Refusing to honor and pay the claim as submitted;

    b. Refusing to properly investigate and adjust Plaintiff's claim;

    c. By taking inconsistent positions regarding the actual state of collapse, despite the apparent condition of the premises;

    c. By failing to comply with its own contractual duty of good faith and fair dealing.

24. Plaintiff is entitled to contractual damages for the replacement of the condemned structure such as may be proven at the trial of this case.

ELECTRONICALLY FILED - 2019 Feb 04 4:05 PM - LAURENS - COMMON PLEAS - CASE#2019CP3000088

ELECTRONICALLY FILED - 2019 Feb 04 4:05 PM - LAURENS - COMMON PLEAS - CASE#2019CP3000088

## FOR A SECOND CAUSE OF ACTION

### [Bad Faith]

25. Plaintiff reincorporates the allegations of the preceding paragraphs of the Complaint as if set forth herein verbatim.

26. The Defendant's denial and refusal to pay the claim of the Plaintiff is in tortious breach of the terms and conditions of the policy issued by the Defendant for premium dollars paid.

27. The Defendant has no reasonable basis upon which to deny the claim of the Plaintiff.

28. The Defendant's reasons for denying and refusing to pay the claim are in direct violation of the policy terms and conditions.

29. The Defendant owes the Plaintiff a contractual duty of good faith and fair dealing as an implied term of the insurance policy, and their handling of this claim has not been in good faith, nor has it been fair to the Plaintiff that paid substantial premium dollars to cover a loss such as this.

30. The Defendant breached its duty of good faith and fair dealing in the following, but not limited to, ways:

   a. By unreasonably refusing to pay the claim when it is reasonably owed;

   b. Failing to properly evaluate and investigate the claim;

   c. By unreasonably relying upon the opinions of professionals who's primary, if not exclusive, business dealings are with the insurance industry.

   d. By taking inconsistent positions with regard to the state of the collapse to the structure in question, all in an effort to unreasonably avoid payment for the claim;

   e. By failing to follow acceptable professional standards in the evaluation, investigation, and decision making processes of the claim;

   f. By failing to place the interests of their insured over their own corporate interests because of the amount of the claim at stake.

ELECTRONICALLY FILED - 2019 Feb 04 4:05 PM - LAURENS - COMMON PLEAS - CASE#2019CP3000088

    g.    By leaving steel scaffolding in place that has displaced and completely prevented the intended use of the insured property as a church worship facility since late 2016, all without any thought of how to mitigate that state of events for its own insured.

31.    Plaintiff is entitled to such bad faith damages as a jury may find within its good conscience for the bad faith refusal of the Defendant to honor and pay the Plaintiff's claim.

WHEREFORE, Plaintiff Hickory Tavern Church of God prays that it be awarded such damages as may be proven at trial for the Defendant's actual breach of contract, and for such exemplary damages as a jury may find for the bad faith actions of the Defendant in the unreasonable failure and refusal of the Defendant to honor and pay this claim. Plaintiff prays for such other damages as the court may deem just and proper, and for a trial by jury on all counts contained in this Complaint.

RESPECTFULLY SUBMITTED:

<u>s/ RICHARD L. PATTON</u>
SC Bar # 0008627

The Patton Law Firm
819 East North Street
Greenville, SC. 29601
(864) 233-9797
(864) 233-9790
pattonlawfirm@hotmail.com

Attorney for Plaintiff
Hickory Tavern Church of God

Greenville, SC
February 4, 2019